UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN EVERITT DICKEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02365-JMS-TAB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION
AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner John Everitt Dickey filed a habeas action under 28 U.S.C. § 2254 challenging his state court sentences and convictions in Case No. 10C04-0911-FA-000313 (Case No. 313). Dkt. 1. For the reasons discussed below, Mr. Dickey's Motion to Expand the Record/Evidentiary Hearing, dkt. 2, is **denied**, the respondent's Motion to Dismiss the Petition, dkt. 12, is **granted**, and a certificate of appealability is **denied**.

## I.   BACKGROUND[1]

In 2009, a state information in Case No. 313 charged Mr. Dickey with committing two counts of child molesting in 2005. Dkt. 15-1. In 2011, an amended information charged Mr. Dickey with committing the offenses from January to June of 2003. Dkt. 15-2. A second amended information charged Mr. Dickey with committing the offenses in 2003. Dkts. 15-3 to 15-5. In 2012, a jury convicted Mr. Dickey of both counts. Dkt. 12-1 at 11. The original abstract of judgment stated Mr. Dickey was sentenced to two concurrent terms of 30 years of imprisonment and that he was a credit-restricted felon. Dkt. 12-3 at 22. In 2013, the Indiana Court of Appeals affirmed the judgment. *See Dickey v. State*, 999 N.E.2d 919 (Ind. Ct. App. 2013); Dkt. 12-5.

---

[1] The Court takes judicial notice of the dockets for Mr. Dickey's Indiana Cases (available at mycase.in.gov).

In January of 2015, Mr. Dickey filed an initial state petition for post-conviction relief. Dkt. 12-6 at 1. In January of 2017, the parties filed a joint motion requesting the state court issue an amended abstract of judgment and dismiss the petition for post-conviction relief with prejudice. Dkt. 12-7. In the joint motion, which was signed by Mr. Dickey and his post-conviction counsel, Mr. Dickey agreed that, although the trial court sentenced him to concurrent 45-year terms of imprisonment with five years suspended, the abstract of judgment incorrectly stated Mr. Dickey was sentenced to concurrent terms of 30 years of imprisonment. Dkts. 12-1 at 12; 12-7 at 2. The parties also agreed that, because the credit-restricted felon statute did not exist at the time of the offenses in 2003, Mr. Dickey could not be designated a credit-restricted felon. Dkt. 12-7 at 3. Mr. Dickey agreed to dismiss his state post-conviction petition provided the state court issued an amended abstract of judgment showing Mr. Dickey is not a credit-restricted felon. *Id.* at 2. The Court takes judicial notice that the amended judgment in Case No. 313, dated March 21, 2017, states Mr. Dickey is sentenced to concurrent terms of 45 years imprisonment with five years suspended and that he is not a credit-restricted felon. *See* Amended Abstract of Judgment (attached to this Order as Court Exhibit A). In August of 2023, the state post-conviction court belatedly granted the joint motion and dismissed the post-conviction proceeding. Dkt. 12-6 at 3. Mr. Dickey did not file an appeal; however, beginning in May of 2018, Mr. Dickey filed multiple motions and petitions related to his sentence and convictions. Dkts. 12-1 at 13–17; 12-9 to 12-23.

On November 14, 2025, Mr. Dickey filed a federal petition under 28 U.S.C. § 2254, and a Motion to Expand the Record/Evidentiary Hearing (Motion to Expand the Record). Dkts. 1; 2. The respondent filed a Motion to Dismiss the Petition, dkt. 12, Mr. Dickey filed a response, dkts. 13; 14, and the respondent filed a reply, dkts. 15; 16.

## II.    THE PETITION

Mr. Dickey's petition contains no allegations; instead, his petition refers to an affidavit he submitted in support of his Motion to Expand the Record. Dkt. 1 at 4–12. The Court liberally construes the petition to include the grounds for relief set forth in the affidavit in support of his Motion to Expand the Record, which allege: (1) evidence Mr. Dickey obtained in 2022 shows that, although the victim originally identified Mr. Dickey as having committed the crimes in 2005, Mr. Dickey was in the custody of the Louisville, Kentucky Metro Corrections Department at the time of the offenses; (2) his post-conviction counsel, unbeknownst to Mr. Dickey, challenged the credit-restricted felon status and agreed with the State that Mr. Dickey's original sentence was 45 years, not 30 years, as indicated on the original abstract of judgment; and (3) his post-conviction counsel did not raise the fact that the state amended the charging dates or challenge the merits of the conviction although Mr. Dickey told post-conviction counsel he was not in Indiana during the offenses. Dkt. 2-1 at 1–4.

## III.    MOTION TO EXPAND RECORD

Mr. Dickey moves to expand the record to include the following documents: (1) August 14, 2009 Jefferson Police Department Detail concerning the victim's statement that the offenses occurred in 2005; (2) statement that Mr. Dickey was in the custody of the Kentucky Metro Corrections in Louisville, Kentucky from November 16, 2003, to May 12, 2006; and (3) the original abstract of judgment which stated Mr. Dickey was sentenced to concurrent terms of 30 years of imprisonment and was a credit-restricted felon. Dkts. 1-1 at 1–5; 2; 2-1 at 4. The respondent contends the Court should deny the Motion to Expand the Record because Mr. Dickey cannot, under 28 U.S.C. § 2254(e)(2), establish entitlement to consideration of new evidence that was not developed as part of the state court record. Dkt. 12 at 18–20.

Under 28 U.S.C. § 2254(e)(2)(A)-(B), a federal habeas court's authorization to hold an evidentiary hearing (or consider new evidence for any purpose) is restricted where an applicant failed to develop a factual basis for a claim in state court proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See Shinn v. Ramirez*, 596 U.S. 366, 389 (2022) (reaffirming that § 2254(e)(2)'s restrictions not only apply to evidentiary hearings, but also "[w]hen a prisoner seeks relief based on new evidence without an evidentiary hearing" and holding that, when a federal habeas court "[a]dmits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied.") (quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004)).

To determine whether a petitioner must meet the prerequisites of § 2254(e)(2), the term "fail" means "the prisoner must be 'at fault' for the undeveloped record in state court." *Shinn*, 596 U.S. at 382. "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence for purposes of [§ 2254(e)(2)'s] opening

4

clause depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Id.* at 435 (emphasis added). In *Shinn*, the Supreme Court determined, because there is no constitutional right to counsel in state post-conviction proceedings, a prisoner is at fault for failing to develop the factual basis of a claim in state-court proceedings for purposes of § 2254(e)(2) even if the failure resulted from the negligence of post-conviction counsel. 596 U.S. at 382–83.

The original abstract of judgment in Case No. 313, is part of the state court record, so the Motion to Expand the Record to include the original abstract of judgment is denied as moot. Dkt. 12-3 at 22. As for the documents evidencing the victim's initial statements to police and Mr. Dickey's incarceration in Kentucky, dkt. 1-1 at 3–5, Mr. Dickey is "at fault" for failing to develop the record in the state court to include those documents. Although Mr. Dickey contends the victim initially alleged that he committed the offenses in 2005, the State convicted Mr. Dickey of committing the offenses in 2003. Dkt. 12-1 at 11. It stands to reason that Mr. Dickey knew, at the time of his trial in 2012, that he had been incarcerated in Kentucky for about the last month and a half of 2003. Dkt. 12-1 at 11. Although Mr. Dickey knew this, and claims he told post-conviction counsel about it, neither Mr. Dickey nor his post-conviction counsel presented to the state courts either the alibi claim or the documents Mr. Dickey now presents for expansion of the record. Dkt. 2-1 at 3. The victim's initial statements to the police, given on August 13, 2009, were likewise available at trial and during the state post-conviction proceedings. The Court finds Mr. Dickey failed to make a reasonable attempt, considering the information available at the time, to investigate and pursue the claim, and present those documents to develop the state-court record.

Because Mr. Dickey is at fault for the failure to develop the state court record, Mr. Dickey must meet the requirements of 28 U.S.C. § 2254(e)(2) before this Court can consider the victim's statement and the statement concerning Mr. Dickey's incarceration in Kentucky. This he cannot do. Although Mr. Dickey claims that he did not obtain the documents until 2022, dkt. 2-1 at 4, at the time of Mr. Dickey's trial in 2012, he could have discovered through the exercise of due diligence the documents concerning the victim's statement to the police and Dickey's incarceration in Kentucky. Likewise, through the exercise of due diligence, he could have discovered and presented those documents to the state courts at the time of his state post-conviction proceedings. Thus, this Court cannot expand the record to consider Mr. Dickey's belatedly obtained documents. Dkt. 1-1 at 2–6. Accordingly, the Motion to Expand the Record, dkt. 2, is **denied**.

### IV.    MOTION TO DISMISS THE PETITION

The respondent moves to dismiss the petition on the grounds that the petition is untimely, and the claims are unexhausted and procedurally defaulted. Dkt. 12 at 6–12. For the reasons explained below, the Court concludes the petition is untimely and Mr. Dickey's actual innocence claim does not excuse the untimeliness of the petition.

### A.    The petition is untimely.

As explained below, Mr. Dickey's one-year statute of limitation for filing a federal habeas petition expired on April 8, 2018. Thus, Mr. Dickey's federal habeas petition, dkt. 1, filed on November 14, 2025, is barred by the statute of limitation.

To "[c]urb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), revised several of the statutes governing federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404 (2000). Under AEDPA, there is a one-year

limitation period for filing a habeas corpus action, which is triggered by the latest of four events: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year limitation period for filing a federal habeas petition under 28 U.S.C. § 2254 is tolled while a "properly filed" application for state post-conviction or "other collateral review" with respect to the pertinent judgment or claim is pending. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). The Supreme Court has held a motion to reduce a sentence that is "properly filed" by a state prisoner in accordance with state law, and which is not part of a direct review process and requires a reexamination of the prisoner's sentence to determine whether it is appropriate, qualifies as "collateral review," that tolls the one-year statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 547–48, 560 (2011).

The respondent argues Mr. Dickey's federal petition is untimely because Mr. Dickey's judgment became final on January 13, 2013. Dkt. 12 at 7. However, the pertinent judgment to which the statute of limitation applies is the amended judgment that authorizes Mr. Dickey's present confinement in prison. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. United States*, 302 U.S. 211 (1937)); *Cf. Wilson v. Neal*, 108 F.4th 938, 943–47 (7th Cir. 2024) (quoting

7

*Burton*, 549 U.S. 147 and drawing from the Supreme Court's reasoning in *Magwood v. Patterson*, 561 U.S. 320 (2010) to hold amended judgment reducing sentence constituted a new intervening judgment that restarted the limitations period for filing a federal habeas petition). Moreover, "[e]ach state decision imposing a period of custody may be contested independently in federal court, whether or not the same federal objection was or could have been asserted against the earlier decision." *Walls v. Posey*, 172 F.4th 532, 534 (7th Cir. 2026) (citing *Magwood*, 561 U.S. 320; *Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010)).

The state trial court entered an amended judgment on March 8, 2017. *See* Court Exhibit A. The amended judgment corrected the sentence to reflect the verbal pronouncement of the sentence for concurrent terms of 45 years imprisonment. *Compare* Dkt. 12-3 at 22 *with* Court Exhibit A. But it also changed the sentence because it eliminated Mr. Dickey's status as a credit-restricted felon, which was not authorized at the time of the offenses in 2003. *Id. See also* Dkt. 12-7 at 3. Thus, the amended judgment constituted a new intervening judgment that restarted the limitations period for filing a federal habeas petition. *See Magwood*, 561 U.S. 320; *Burton*, 549 U.S. at 156; *Wilson*, 108 F.4th at 943–47.

Mr. Dickey filed neither a motion to correct error nor a direct appeal from the March 8, 2017, amended judgment, so the amended judgment was final by the expiration of the time for seeking such review, i.e., 30 days later, on April 7, 2017. *See* 28 U.S.C. § 2244(d)(1)(A); *See* also Ind. R. App. P. 9 (stating, where a party does not file a timely motion to correct error, "[a] party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."). The statute of limitation for filing a federal petition started on April 8, 2017, and ran without interruption by the filing of a state post-conviction petition or collateral relief motion that might

have tolled the limitation period, until it expired, 365 days later, on April 8, 2018. Dkt. 12-1 at 13. Mr. Dickey's subsequent motions and state post-conviction petitions, beginning in May of 2018, in which he challenged the sentence and convictions, did not toll the limitation period for filing a federal habeas petition because they were not filed until after the limitation period expired. Dkts. 12-1 at 13; 12-8 to 12-23. Thus, Mr. Dickey's federal habeas petition, filed on October 14, 2025, is untimely unless Mr. Dickey is entitled to a later accrual date or equitable tolling that excuses the untimeliness of his petition.

Mr. Dickey argues that he obtained documents in 2022 that show the victim initially told police that the offenses occurred in 2005 and that Mr. Dickey was incarcerated in Louisville, Kentucky from November 16, 2003, to May 12, 2006. The Court construes this argument as a claim that Mr. Dickey is entitled to a later-accrual date under 28 U.S.C. § 2244(d)(1)(D), based on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Mr. Dickey is not entitled to commence the statute of limitations in 2022 because the factual predicate of the claim and the documents he submits to support it, could have been discovered through the exercise of due diligence at the time of trial in 2012 and at the commencement of his initial state post-conviction proceeding in 2017.

**B.    Actual innocence does not excuse the untimely petition.[2]**

The Court liberally construes Mr. Dickey's actual innocence claim as an argument that he can overcome untimeliness of his petition. Dkt. 2-1 at 1–4.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."

---

[2] The Court will not consider the respondent's argument in a footnote that Mr. Dickey's alibi claim is not cognizable as a free-standing claim of actual innocence, dkt. 12 at 14–16 & n.3. *See* JMS PRACTICES AND PROCEDURES.pdf ("The Court does not deem information contained in footnotes as argument. Accordingly, counsel should include all argument in the body of the brief."). The Court furthermore notes

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 836 (7th Cir. 2018) ("Actual innocence is an equitable exception that renders the time limit set forth in section 2241(d)(1) inapplicable."). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To succeed, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also McQuiggin*, 569 U.S. at 387. A claim of actual innocence must also be credible. *See Schlup*, 513 U.S. at 324. To be credible, the claim must have the support of "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *See id.* That evidence must also be new in the sense that it was not before the trier of fact. *See id.* The Seventh Circuit has stated for example that, "to demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." *Dixon v. Williams*, 93 F.4th 394, 403 (7th Cir. 2024) (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005)).

As discussed, this Court may not consider Mr. Dickey's "new evidence" that he alleges to support his actual innocence arguments because Mr. Dickey cannot meet the requirements for consideration of his documents under 28 U.S.C. § 2254(e)(2). *See Shinn*, 596 U.S. at 389 ("when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a

---

that the respondent did not argue Mr. Dickey's claims of ineffective assistance of post-conviction counsel are not cognizable. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, the Court does not address the cognizability of Mr. Dickey's claims.

negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied."). Accordingly, Mr. Dickey has not established factual innocence sufficiently to open the *Schlup* gateway to consideration of his untimely petition. Therefore, the Motion to Dismiss the petition with prejudice as untimely, dkt. 12, is **granted**.[3]

## IV.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2254 and Habeas Corpus Rule 11, this Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated in this Order and applying the standards for issuance of a certificate of appealability, the Court concludes a certificate of appealability is not warranted in this action.

## V.   CONCLUSION

The Motion to Expand the Record/Evidentiary Hearing, dkt. [2], is **denied**.

The Motion to Dismiss the Petition for a Writ of Habeas Corpus, dkt. [12], is **granted**.

The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, dkt. [2], is **dismissed with prejudice** as time barred.

A certificate of appealability is **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/14/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] Because the petition is time barred, the Court need not address whether Mr. Dickey's claims are procedurally defaulted or whether he can overcome the default.

11

Distribution:

JOHN EVERITT DICKEY
234318
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov